IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES FOREMAN                                                       PLAINTIFF

vs.                             Civil No. 4:12-cv-04093

CAROLYN COLVIN                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Charles Foreman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff filed his application for DIB and SSI on March 22, 2010. (Tr. 10, 92-99). Plaintiff alleged he was disabled due to a ruptured disc in back. (Tr. 107). Plaintiffs alleged an onset date of September 1, 2008. (Tr. 108). Plaintiff's DIB and SSI applications were denied initially and at the reconsideration levels. (Tr. 52-55).

      Plaintiff then requested an administrative hearing on his application. (Tr. 59-60). This

---

[1] The docket numbers for this case are referenced by the designation "ECF. No." The transcript pages for this case are referenced by the designation "Tr."

1

hearing was held on June 15, 2010 in Texarkana, Arkansas. (Tr. 22-51). Plaintiff was present and was represented by counsel, Greg Giles at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Russell Bowden testified at this hearing. *See id*. On the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had completed the sixth or seventh grade. (Tr. 26-27). The ALJ also found that applying the age categories non-mechanically, and considering the additional adversities in this case, on February 25, 2011, the claimant's age category changed to an individual of advanced age. (Tr. 16, Finding 7).

On September 20, 2010, the ALJ entered a partially favorable decision finding Plaintiff disabled as of February 25, 2011. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2008. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: lumbar disc disease and obesity. (Tr. 12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not totally credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record,

that Plaintiff retained the RFC to perform light work except he needs a sit/stand option at 30 minute intervals, cannot climb ladders and should avoid hazards. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 6). The ALJ determined Plaintiff was unable to perform his PRW. *Id.* The ALJ also determined that prior to February 25, 2011 there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 16-17, Finding 10). The VE testified at the administrative hearing on this issue. (Tr. 46-50). Based on this testimony, the ALJ determined Plaintiff retained the ability to perform other work such as an office helper, office clerk, and copy machine operator with 130,000 such jobs in the region and 1,300,000 such jobs in the nation. (Tr. 17).

The ALJ also found beginning February 25, 2011, the date Plaintiff's age category changed, there were no jobs existing in significant numbers in the national economy Plaintiff could perform. (Tr. 17, Finding 11). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act prior to February 25, 2011, but became disabled after that date. (Tr. 17, Finding 12).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 5). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this decision. (Tr. 1-3). On August 8, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 23, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 11. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in failing to properly assess the total effects of Plaintiff's impairments and (B) the ALJ failed to properly evaluate the severity of Plaintiff's impairments as a whole. ECF No. 8, Pgs. 3-20. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

#### A. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work except he would  need a sit/stand option at 30 minute intervals, could not climb ladders and should avoid hazards. (Tr. 13, Finding 5).  The ALJ also determined that prior to February 25, 2011 there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 16-17, Finding 10).  Plaintiff argues the ALJ erred in this RFC determination and his back pain and muscle spasms have prevented him from working since his alleged onset date of September 1, 2008.  ECF No. 8, Pgs.  3-16.  However, substantial evidence supports the ALJ's RFC determination finding that Plaintiff is capable of performing a less than full range of light work.

On September 12, 2008, Plaintiff was seen at Health Care Express with complaints of back pain. (Tr. 190-191).  The exam showed Plaintiff had a decreased range of motion of his lumbar spine, however, his motor skills, sensation, deep tendon reflexes, gait and stance were normal. (Tr. 191).  An x-ray of Plaintiff's lumbar spine also was normal. *Id.* On October 1, 2008, an MRI scan of Plaintiff's lumbar spine showed only mild to moderate degenerative disc disease at L1-2 and L5-S1, without spinal canal stenosis. (Tr. 196).  Following this, Plaintiff began physical therapy on

October 13, 2008 and completed physical therapy on November 6, 2008. (Tr. 227-238). On the date of his discharge from physical therapy, Plaintiff indicated his back was significantly better. (Tr. 227).

On November 6, 2008, Plaintiff was seen again at Health Care Express. (Tr. 197). Plaintiff's neurological and musculoskeletal examination were normal. *Id.* Also, Plaintiff's lumbar spine was no longer tender and he had a normal range of motion. *Id.* Plaintiff was released to return to work with full duties effective November 7, 2008. *Id.*

Nearly two years later, on April 24, 2010, Plaintiff was evaluated by Dr. Andrew Morchower. (Tr. 201-205). Dr. Morchower indicated Plaintiff ambulated without assistance; was tender to light touch over the right lumbar paraspinal area, but had no muscle atrophy or involuntary movement. (Tr. 202). Plaintiff's neurological examination, including a straight-leg raising test, was normal except for slight weakness in right hip flexion. (Tr. 203). Plaintiff also indicated to Dr. Morchower he worked as a pallet repairman until October 2009, more than a year after his alleged disability onset date, and stopped working because he was fired. (Tr. 201).

Further, on July 8, 2010, Plaintiff was seen at Christus St. Michael Hospital complaining of back pain. (Tr. 218). Plaintiff's examination only showed tenderness over his lumbar spine. (Tr. 218). Plaintiff was discharged in stable condition the same day. (Tr. 219).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing a less than full range of light work. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. Severity of Impairments

As previously discussed, the ALJ found Plaintiff was not disabled prior to February 25, 2011, because he could perform a range of light work existing in significant numbers in the national economy. (Tr. 16, Finding 10). However, the ALJ also applied the age categories of the guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2, to find Plaintiff was disabled beginning February 25, 2011, the date when Plaintiff was just six months from attaining age 55. (Tr. 16 Finding 7). Social Security regulations state the agency will not apply the age categories mechanically in borderline situations if an individual lacks only a few months of reaching an older age category, and using the older age category would result in a decision favorable to the claimant. 20 C.F.R. §§ 404.1563(b), 416.963(b).

Plaintiff argues 20 C.F.R. § 201.00(h) supports the proposition he should have been found disabled as of September 1, 2008, when he was age 51. ECF No. 8, Pgs. 17-18. Section 201.00(h) suggests a finding of disabled may be appropriate for a younger individual whose RFC is limited to sedentary work, and who is either illiterate or unable to communicate in English. *See* 20 C.F.R. § 201.00(h).

However, as discussed above, substantial evidence supports the ALJ's decision that Plaintiff had the RFC to perform less than the full range of light work, which exceeds the limitations of sedentary work. (Tr. 13 Finding 5). Further, the record contains no evidence showing Plaintiff was illiterate or unable to communicate in English.

Finally, Plaintiff also states he may qualify for benefits by showing his combination of impairments is equivalent to a listed impairment. ECF No. 8, Pgs. 19-20. Plaintiff has the burden of proving his impairment meets or equals a listing. Plaintiff does not identify any listed impairment he allegedly meets or equals, nor does he explain what medical evidence allegedly supports his

assertion. Therefore, Plaintiff has failed to meet his burden of proof that he meets or equals a listed impairment.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of August 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE